## CULBERTSON CO v UDELSON, etc.

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10894. Decided Oct. 13, 1930

Woods, Sanders & Jappe, Cleveland, for Culbertson Co.

David A. Thomas, Cleveland, for Udelson.

VICKERY, PJ.

Now he admitted that 3300 cubic yards he could not remove. He admitted that what he did remove was not down to grade and his excuse is that the earth fell in on him. Whether that may be an excuse or not is not now material to discuss, but if he could recover, it would be because he had a contract and the principal contractor breached the contract and ousted him from the work; and then, in order to sustain such a claim he must allege and be prepared to prove that he had a contract and that the defendant wrongfully breached the contract and that he was able, ready and willing to finish his job and he was damaged to some extent at least.

Now none of these allegations are in this petition. It does not show that there was a breach of contract. As a matter of fact the contract that he sets up and makes a part of his first cause of action, and which by reference and adoption he makes a part of the second cause of action, specifically points out that he was to remove **such earth as the principal contractor should order him to remove,** and so far as the pleading is concerned there is nothing to show an interference by the principal contractor with the terms of this contract. There is nothing to dispute the fact that the defendant did remove or was permitted to remove all the dirt that he was ordered to remove by the contractor. In other words, the petition did not state facts upon which he could recover for a breach of contract, even were the possible profits that he might make the measure of damages.

He claims that he could have removed at least 660 cubic yards for 45c a yard which would give him a profit of 20c; but he admits in the same argument that 3300 cubic yards with the tools he had, he could not have removed and there is nothing in the record to show that if he had removed the 3300 yards but what it would have cost him much more than 65c, much more than his so-called profits on the 6600 cubic yards that he claimed he could have removed at a profit. Nor does the fact that he lost the profits of this contract show that he was damaged, because there is nothing in this record to show that he might not have procured a contract somewhere else where he could have made a dollar a yard, for if his argument be sound, or his theory be sound, he was not on this job; therefore he could have worked somewhere else. But as already stated, the theory of his lawsuit as set forth in his petition is not that theory, and we do not think that second cause of action in his petition stated a cause of action for which he might maintain a suit. That brings us to a difficulty in the lawsuit.

This case was tried to a jury and the jury brought in a verdict for the plaintiff for the excavation of 6680 cubic yards, but he admitted in the record that he could not have removed the other 3300 cubic yards, so he did not perform his contract and the record shows that he could not have performed his contract; and he admits that he did not even conform to the specifications in what he did do, which might be a good ground for his having been discharged if he had alleged a discharge from the contract. But instead of making a motion for a new trial in this case by the plaintiff in error, who was defendant below, he made a motion in arrest of judgment and the motion was overruled and error was prosecuted to that. No motion for a new trial was made and while there is a bill of exceptions in this case, the bill of exceptions could not be used to help out any, because the evidence in a case that is triable to a jury can only be brought in a record before a reviewing court after the overruling of a motion for a new trial and that was not made and so, of course, not granted nor overruled.

So the whole question goes back to the single proposition, did this second cause of atcion state a cause of action in breach of contract? We are constrained to come to the conclusion that it did not. That being so, the motion in arrest of judgment, although a rather novel proceeding in a civil action, should have been sustained, because there was nothing upon which the court could render a judgment.

We think the court, therefore, erred in overruling this motion in arrest of judgment and for that reason the cause will be reversed and final judgment entered for the plaintiff in error on the second cause of action of the plaintiff's petition.

Leivne, and Cline, JJ, concur.